

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**UNITED STATES OF AMERICA**

v.                     Criminal No. 3:19-00185
                                            18 U.S.C. § 1030(a)(2)(B)

**JEFFREY S. MILLER**

# I N F O R M A T I O N

The United States Attorney charges:

## Background

At all relevant times:

### The Veterans Benefits Administration

1. The Veterans Benefits Administration ("VBA") was a federal agency that provided assistance and compensation to veterans. The VBA had offices across the United States, including an office in Huntington, West Virginia in the Southern District of West Virginia.

2. The VBA provided compensation to veterans who suffered disabilities resulting from military service. In order to determine veterans' eligibility for compensation, the VBA maintained medical records that contained substantial amounts of individually identifiable and private health information, including veterans' names, contact information, social security numbers, medical treatment history, disabilities, and

compensation levels. The VBA maintained two main systems of records: SHARE and the Veterans Benefits Management System ("VBMS").

3. As required by federal law, the VBA protected veterans' records and information. For instance, VBA prohibited employees from accessing a veteran's records unless access was required for a work-related purpose. The VBA and federal law also prohibited disclosure of veterans' records without a legitimate purpose.

### The Defendant

4. Defendant JEFFREY S. MILLER was employed as a Claims Assistant at the VBA office in Huntington, West Virginia in the Southern District of West Virginia.

5. As a Claims Assistant, defendant MILLER could view VBA records in order to fulfill certain administrative responsibilities. However, the VBA authorized defendant MILLER to access those records only when access was required for a legitimate work-related task. Defendant MILLER was not authorized to access veterans' records for any other purpose, including any personal purpose.

### Defendant MILLER's Training on Access and Disclosure

6. The VBA instructed defendant MILLER that he was not authorized to access veterans' records except for legitimate work-

related purpose, and that unauthorized access of such records was illegal under federal law.

7. Defendant MILLER completed multiple VBA training courses that informed him that he was prohibited from accessing veterans' medical records for a non-work-related purpose, such as "[c]hecking [a] veteran's or employee's health records out of curiosity."

<u>Defendant MILLER Unlawfully Accessed Veterans' Records</u>

8. Between January 24, 2018 and April 16, 2018, while working as an employee of the VBA office in Huntington, West Virginia, defendant MILLER accessed the medical Records of Known Persons A, B, C, D, and E, who were defendant MILLER's co-workers. Defendant MILLER accessed these records without authorization and without any legitimate work-related purpose. Defendant MILLER knew he did not have authorization to access these records, but did so anyway.

9. Between March 16, 2018 and May 24, 2018, while working as an employee of the VBA office in Huntington, West Virginia, defendant MILLER accessed the medical Records of Known Person F, who was a public figure. Defendant MILLER accessed these records without authorization and without any legitimate work-related purpose. Defendant MILLER knew he did not have authorization to access these records, but did so anyway.

10. On or about May 17, 2018, at or near Huntington, West Virginia, defendant MILLER took a photo of Known Person F's SHARE medical records. Defendant MILLER then sent that picture to another individual known to the United States Attorney. Defendant MILLER had no legitimate work-related justification or excuse for making this disclosure.

### Counts 1-6
### (Fraud in Connection with Computers)

11. The United States Attorney realleges and incorporates by reference paragraphs 1-10, as if fully set forth herein.

12. On or about the dates specified below for each count, at or near Huntington, West Virginia and within the Southern District of West Virginia, defendant JEFFREY MILLER intentionally exceeded authorized access to a computer, and thereby obtained information from an agency of the United States, that is, Veteran's Benefits Administration's medical information relating to the persons specified below:

| Count | Approx. Dates | Unauthorized Access Type |
|---|---|---|
| 1 | 1/24/18 | Access to Known Person A's medical records without a legitimate work-related purpose |
| 2 | 2/2/18 | Access to Known Person B's medical records without a legitimate work-related purpose |
| 3 | 3/16/18 | Access to Known Person C's medical records without a legitimate work-related purpose |

| | | |
|---|---|---|
| 4 | 4/10/18 | Access to Known Person D's medical records without a legitimate work-related purpose |
| 5 | 4/16/18 | Access to Known Person E's medical records without a legitimate work-related purpose |
| 6 | 3/16/18 – 5/24/18 | Access to Known Person F's medical records without a legitimate work-related purpose |

All in violation of Title 18, United States Code, Section 1030(a)(2)(B).

MICHAEL B. STUART
United States Attorney

By: _____
STEFAN J. O. HASSELBLAD
Assistant United States Attorney